UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY A. REARDON,<br><br>Defendant. | Case No. 18-cv-00672-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 2, 8, 9, 11, 12, and 16 |

## INTRODUCTION

Plaintiff Ruchell Cinque Magee is barred from bringing this action[1] *in forma pauperis* because he has filed three or more federal actions that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. Accordingly, this federal civil rights action is DISMISSED without prejudice to Magee bringing his claims in a new paid complaint.

## BACKGROUND

Magee, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis*

---

[1] From a rather confusing set of allegations, I understand that plaintiff Magee is claiming that in the 1970s he was acquitted of a crime and that defendant Reardon concealed the acquittal "to subject plaintiff to wrongful death, in [an] attempt to cover[-]up multiple injustices." (Compl., Dkt. No. 1 at 2.)

("IFP") under 28 U.S.C. § 1915. He was ordered by the Hon. Lucy H. Koh, who was then presiding over this matter, to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Dkt. No. 10.)

The order identified seven prior federal court actions ("strikes") that appeared to count under section 1915(g) and allowed plaintiff an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The order also informed Magee he could avoid dismissal by paying the filing fee by the deadline. The strikes identified were:

**(1)** *Magee v. Scott*, No. 05-CV-348 AWI LJO (E.D. Cal. March 6, 2016) (order adopting report and recommendation dismissing case for failing to file amended complaint and failing to state a cognizable claim);

**(2)** *Magee v. Bravo*, No. 03-CV-6764 LJO WMW (E.D. Cal. July 23, 2007) (order adopting report and recommendation dismissing case for failing to state a cognizable claim);

**(3)** *Magee v. Ortega*, No. 00-CV-1512 GEB GGH (E.D. Cal. April 22, 2002) (order adopting report and recommendation dismissing case for failing to file amended complaint);

**(4)** *Magee v. Meyer*, No. 95-CV-03855 DLJ (PR) (N.D. Cal. March 27, 1996) (dismissed as malicious);

**(5)** *Magee v. Reardon*, No. 94-CV-3815 DLJ (PR) (N.D. Cal. March 17, 1995) (dismissed as malicious);[2]

---

[2] The case number is 94-cv-3815. In the Order to Show Cause, it was mistakenly given as 93-cv-3815.

**(6)** *Magee v. Foreman Federal Grand Jury*, No. 94-CV-4298 DLJ (PR) (N.D. Cal. March 16, 1995) (dismissed as malicious); and

**(7)** *Magee v. Romines*, No. 93-CV-3638 DLJ (PR) (N.D. Cal. June 9, 1994) (dismissed for failing to state a cognizable claim).

## DISCUSSION

A "strike" under section 1915(g) is a federal suit or appeal that was dismissed because it was frivolous or malicious, or because it failed to state a claim for relief. Magee disputes the validity of the first three strikes listed above by saying "[t]he Court which made the above decisions knew that plaintiff suffered from double jeopardy prosecution." (Affidavit Statement for Disqualification of Judge Lucy H. Koh, Dkt. No. 12 at 3.)[3] Whatever the merits of these allegations, they do not counter Judge Koh's decision that these cases count as strikes under section 1915(g). There is nothing in the statute creating an exception for cases filed by a person laboring under a "double jeopardy prosecution."

Magee objects to the other four cases as "gag orders" issued by the well-respected retired District Judge D. Lowell Jensen, who according to Magee was "well know [*sic*] for his hate of Blacks who fight against racism." (Mot. to Vacate Judgment, Dkt. No. 11 at 2.) Magee offers no specifics regarding the merits of the claims he raised in those actions, nor why Judge Jensen's decisions to dismiss his suits lacked any permissible basis.

Magee also alleges that the Prison Litigation Reform Act, and with it section 1915(g)'s restrictions, does not apply here. (Dkt. No. 12 at 4-5.) The PLRA is inapplicable, according to Magee, because "the acquittal forbits [*sic*] the government from Double Jeopardy extensions." (*Id.* at 4.) These allegations lack merit. There is no such exception under the statute, nor does Magee cite any persuasive authority to support his

---

[3] In response to the Order to Show Cause, Magee sent the Court four filings: a motion to vacate his state criminal conviction and judgment; a motion to disqualify Judge Koh, who thereafter recused herself from presiding over this matter; a supplement to his complaint; and a second motion for the appointment of a special master. (Dkt. Nos. 11, 12, 15 and 16.)

position. Further, in none of his responses to the Order to Show Cause does Magee offer any specific allegations that he was under imminent danger of serious physical injury at the time of filing. See 28 U.S.C. § 1915(g).

In sum, Magee has not shown any reason that the restrictions of section 1915(g) should not be imposed. He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

Accordingly, Magee's IFP application is DENIED. (Dkt. Nos. 2 and 9.) This civil rights action is DISMISSED without prejudice to Magee bringing his claims in a new paid complaint.

In light of the dismissal, Magee's motions for the appointment of a special master are DENIED (Dkt. Nos. 8 and 16); and his motion to vacate his state criminal conviction and judgment is DENIED (Dkt. No. 11). His motion to disqualify Judge Koh is DENIED as moot. (Dkt. No. 12.) Judge Koh recused herself after the motion was filed. (Dkt. No. 13.)

## CONCLUSION

This action is DISMISSED. The Clerk shall terminate all pending motions, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 30, 2018

_____
WILLIAM H. ORRICK
United States District Judge

4