UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY A. REARDON,<br><br>Defendant. | Case No. 18-cv-00672-WHO (PR)<br><br>**ORDER RE: POST-JUDGMENT MOTIONS**<br><br>Dkt. Nos. 19 and 20 |

## INTRODUCTION

This is a closed federal civil rights action. The suit was dismissed because plaintiff Ruchell Cinque Magee failed to pay the filing fee or show cause why he should not be barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* (IFP).

Since dismissal, Magee has filed two motions. One is a motion to vacate the judgment. (Dkt. No. 19.) The other is a motion for a hearing. (Dkt. No. 20.)

**i.  Motion to Vacate Judgment**

This one filing contains two motions. (Dkt. No. 19.) The first is a motion to vacate the judgment. The second is a motion to disqualify the undersigned.

### a. Motion to Vacate

Magee moves to vacate the judgment on grounds that the Court's dismissal is an "arbitrary gag order," the result of racial bias, retaliation, and political chicanery.[1] (Dkt. No. 19 at 2-7.) He provides no credible support for such allegations. Rather, he uses "gag order," "bias," and "retaliation" as labels for his objections to the Court's enforcement of 28 U.S.C. § 1915(g), which bars pauper status for a prisoner who has on at least 3 occasions had an action or appeal dismissed because it was frivolous, malicious, or because it failed to state a claim for relief.

The motion contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law. *See* Fed. R. Civ. P. 59(e); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Nor does the motion contain a showing of newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; plaintiff offers no other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Accordingly, the motion is DENIED.

### b. Motion to Disqualify

Magee moves to disqualify the undersigned on grounds that I "committed fraud and misconduct," have impeded his access to the courts, and have tried "to force organized crime rigged proceeding in name of Parole Board." (Dkt. No. 19 at 10.) These allegations are unsupported.

These conclusory allegations fail to provide any fact or reason on which a reasonable person would conclude that my impartiality might reasonably be questioned, or

---

[1] Magee also alleges that the § 1915(g) three strike bar was "reversed by this Court" in *Magee v. Scribner*, No. C 05-80075 VRW (N.D. Cal. May 2, 2005). (Dkt. No. 19 at 2-3.) This is not true. In *Scribner*, the Court vacated an order that barred Magee from filing suits in this district without obtaining leave of court. The order did not discuss § 1915(g) or its applicability to Magee's suits.

2

that otherwise indicate any bias or prejudice. 28 U.S.C. §§ 144 and 445; *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

The motion to disqualify is DENIED.

### ii. Motion for a Hearing

Magee alleges he is in imminent physical danger, thereby qualifying for an exception to § 1915(g)'s restrictions. He moves for a hearing on the matter. The allegations of imminent physical danger are conclusory or insufficient, however. He states he "has been wrongfully subjected to inhuman conditions" in a "dungeon cell" for 17 years; he was shot in the back in the 1970s; and his sentence is a "death trap" and has resulted in an injury that is "life threatening." (Dkt. No. 20 at 5, 9.)

If a prisoner plaintiff is in "imminent physical danger" he is not required to pay the filing fee at the outset even if he is barred by § 1915(g) from proceeding IFP. *See* 28 U.S.C. § 1915(g).

Magee has not shown that he was in imminent physical danger. His allegations are conclusory and show no need for a hearing on the question presented in the motion. The motion is DENIED.

## CONCLUSION

Magee's post-judgment motions are DENIED. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** December 13, 2018

WILLIAM H. ORRICK
United States District Judge

3